EMIL LALOND v. TOLEDO (CITY).

1. CHARGE TO JURY WILL BE APPLIED TO FACTS SHOWN TO EXIST.

A charge to the jury will be applied by a reviewing court to the state of facts which was shown to exist.

2. STREET TRAVELER NOT BOUND TO KEEP LOOKOUT FOR PARTICULAR OBSTRUCTIONS, WHEN.

The duty imposed upon a street traveler to use reasonable precautions for his own safety, does not require him, as a matter of law, to keep a lookout for particular obstructions in the street, such as loose paving blocks which had fallen from a wagon, of which he had no knowledge.

ERROR (Rehearing).

**A. G. Duer** and **C. S. Northup,** for plaintiff in error:

A charge which implies that if plaintiff's negligence remotely, and not proximately, contributed to his injury, he cannot recover, is erroneous. *Matthews* v. *Toledo,* 11 Circ. Dec. 375 (21 R. 69); *Nitz* v. *Toledo,* 12 Circ. Dec. 357 (22 R. 454); *Schweinfurth* v. *Railway,* 60 Ohio St. 215 [54 N. E. Rep. 89].

However negligent or careless a person may be in his habits and nature of conduct, a city still owes the duty of exercising ordinary care towards him in its conduct over streets and sidewalks. *Ohliger* v. *Toledo,* 10 Circ. Dec. 762 (20 R. 142).

A person walking along a sidewalk in the day or nighttime is bound to exercise reasonable or ordinary care, but such person has a right to assume, having no knowledge to the contrary, that the sidewalk is in reasonable and ordinary repair, and is not required as a matter of law, to be on the lookout for defects thereon. *Ohliger* v. *Toledo,* 10 Circ. Dec. 762 (20 R. 142); *Wood* v. *Boston,* 121 Mass. 337, *Mathews* v. *Cedar Rapids (City),* 80 Iowa 459 [45 N. W. Rep. 894; 20 Am. St. Rep. 436]; *Driscoll* v. *New York (Mayor),* 11 Hun 101; *Davenport* v. *Ruckman,* 37 N. Y. 568; *Minick* v. *Troy,* 83 N. Y. 514; *Indianapolis (City)* v. *Gaston,* 58 Ind. 224; *Chicago (City)* v. *McLean,* 133 Ill. 148 [24 N. E. Rep. 527; 8 L. R. A. 765]; *Chicago (City)* v. *Babcock,* 143 Ill. 358 [32 N. E. Rep. 271]; 1 Shearman & Redfield, Negligence Sec. 375; Beach, Contr. Neg. Secs. 246a, 247.

A general exception to the charge of the court is sufficient, under Lan. R. L. 8810 (R. S. 5298); *Columbus Ry.* v. *Ritter,* 67 Ohio St. 53 [65 N. E. Rep. 613].

Lalond v. Toledo.

The evidence not being set forth in the bill of exceptions, and the court having erred in his instructions to the jury on a material issue raised by the defense, such error is presumed to be prejudicial. *Meek* v. *Pennsylvania Co.* 38 Ohio St. 632; *Jones* v. *Bangs,* 40 Ohio St. 139 [48 Am. Rep. 664]; *Bartges* v. *O'Neil,* 13 Ohio St. 72; *Lowe* v. *Lehman,* 15 Ohio St. 179.

**U. S. G. Denman, C. K, Friedman** and **Frank Crane,** for defendant in error.

**PARKER, J.**

An opinion was delivered in this case last Monday. Our decision was that the judgment of the court below should be affirmed. The complaint made by the plaintiff in error is chiefly, perhaps solely, that the charge of the court below on the subject of contributory negligence was wrong. We concluded that although it was not above criticism it would pass muster. Without any motion for a rehearing having been made, but simply upon our own motion, after thinking more of the case, and looking into it again, we conclude that we were wrong upon one proposition involved in the case, and therefore we will now proceed to reverse ourselves, not that we are apprehensive that the Supreme Court will do it if we do not, because we understand that the plaintiff in error is a young man in very moderate circumstances, who perhaps cannot go to the Supreme Court with his case; but we do it because we think it should be done and because our blunder is likely not to be corrected unless we correct it.

The young man was riding upon a bicycle upon Collingwood avenue, in the night season, when he ran upon some loose paving blocks, and was thrown from his bicycle and injured. He charged that the city was negligent in allowing those paving blocks to be upon the street. The street is paved with asphaltum, and these paving blocks were something entirely foreign to the street. It appears that another street was being paved in the vicinity with paving blocks, and in hauling them along this street, some of them had dropped off the wagon, and it was upon some of these that he ran. He was familiar with the street and accustomed to go over it with his bicycle, and the street, aside from these obstructions upon it, was smooth and he could ride his bicycle upon it with safety even in the nighttime. The cause was submitted to the jury, and it found for the city.

Amongst other things in the charge of the court on the subject of contributory negligence, this was said, with respect to the duty of the plaintiff below: "He must keep a reasonable lookout for to avoid

Lucas County.

injury to himself.'' The court follows that by saying, ''He has a right, as I instructed you before argument, to presume that the city keeps its streets reasonably safe for travel, but he is not excused from using reasonable precaution for his own safety.''

When we came to consider that and discuss it before, we concluded that it meant no more than that he must use reasonable precautions for his own safety, and saying that he must keep a lookout amounted to no more than saying that he must use his sense of sight as well as his other senses. But we conclude, upon further reflection and examination of the authorities, that this must be held to mean, and that the court charged, as a matter of law, that one in his situation riding a bicycle upon a street, must keep a lookout for the kind of obstruction that caused him this fall and injury. In other words, we must apply the charge to the state of facts which was shown to exist. He charges specifically in his petition that he was injured in this way by these blocks in this street, and that he did not see and had no knowledge of their presence there. It is stated in the bill of exceptions that he introduced evidence tending to establish all of the allegations and all of the facts stated in his pleading, and furthermore, that his evidence to the effect that he did not see or know of this obstruction in the street was not contradicted at all; that there was no evidence tending to controvert that.

This seems to us to charge in effect that although he had a right to presume that the city kept the street reasonably safe for travel, and although he was only required to use reasonable precaution for his own safety, yet, as a matter of law, as one of these precautions, he was bound to keep a lookout; and (applying it to the state of facts shown here) he was bound to keep a lookout for loose blocks that form a hindrance and obstruction to travel, lying upon the street, where they have no business to be, although (as the court says) relying upon the presumption that the city kept the streets in proper condition, he need not apprehend that they would be there. The jury may have found that if he had kept such lookout as the court said he should, he would have discovered these blocks, and that failing to discover them was his fault, and that being thus in fault he was not entitled to recover.

We had a similar charge under consideration in the case of *Ohliger* v. *Toledo,* 10 Circ. Dec. 762 (20 R. 142), a case in which a person was injured while walking over a defective sidewalk. Our attention had been called to that case, and we had looked at it. We thought we discovered a distinction between the two cases, but upon further examination we con-

Lalond v. Toledo.

clude that there is no substantial distinction to be made.    There, the charge, page 769, was:

"  'The law imposed upon the plaintiff the duty to be upon the lookout while walking upon the sidewalk, and to use ordinary and reasonable care for his own safety, and if, by the exercise of such care, he might have avoided the injury, and failed to use such care, then in this action he cannot recover against the city.' "

The construction that was put upon that language as applied to the facts and circumstances of the case, was that it required of the plaintiff in that case that he must keep a lookout for holes or defects in the walk. The court must be presumed to have charged with reference to the facts of the case, and that was the only reasonable application that could be made of the charge.    As said by Judge Hull, on page 770, in delivering the opinion:

"If the construction is to be placed upon that paragraph which is sought to be placed upon it here," (speaking of a paragraph quoted from a text-book) "that, as a matter of law, when walking upon a sidewalk, one is bound to be upon the lookout for holes in the walk, then we think that it does not state the law correctly."

In the course of that opinion, Judge Hull cites and comments upon a great many authorities.    I shall not take the time now to go over them, but I simply call attention to them.    They furnish a very full and complete brief upon that point, and we think that they very fully sustain the conclusion at which the court arrived in that case, and we think, as I have said, that that case is not to be distinguished from this on any substantial ground.

One when going along a sidewalk or a street of a city, where it is ordinarily smooth and level, may not be required to exercise the same caution that he would upon a rough road, a road that he knows to be rough, or a road that he knows to be defective; and some of these cases cited in *Ohliger* v. *Toledo, supra,* are cases where persons walking along sidewalks or driving along streets, instead of keeping their eyes upon the street or sidewalk, have been looking elsewhere; one case being that of a lady who while looking into an attractive show window, assuming that the sidewalk was smooth and all right, stepped into a hole.    There are a great many illustrations of that kind.    Of course, one walking along a rough road or a road where he knew there was something to be looked out for, would not be excused in thus conducting himself, in looking here and there and everywhere.    He must look out for his footings.    But one traveling on a smooth street in a city should not be charged with the duty of looking out as a proposition of law, but it should be left to the

Lucas County.

jury to say whether under all the circumstances, he should have been looking ahead so as to have discovered the defect or the obstruction. And on account of this error in the charge, the former affirmance will be set aside and the judgment will be reversed.

**Hull** and **Haynes, JJ.,** concur.